# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GRACE CHANDLER**

Plaintiff,

CASE NO:

Vs

**TERRACE HOTEL CORPORATION**

Defendant(s).

_____/

## COMPLAINT

COMES NOW, the Plaintiff, GRACE CHANDLER (Plaintiff), by and through her undersigned

counsel, and files this Complaint against the TERRACE HOTEL CORPORATION. ("the

TERRACE") and alleges:

### A. Jurisdictional Statement

1.      The U.S. District Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      That the federal question involved in this case arises under Title VII of the 1964 Civil

Rights Act ("Employment Discrimination, Sex Discrimination, Sexual Harassment, Civil

Rights").

3.      That the Plaintiff is a resident of Lakeland, Polk County, Florida.   She is white/

Caucasian.

4.      That the Defendant is a private corporation and with its principal operation in Lakeland,

Polk County, Florida.

## STATEMENT OF FACTS

### Introduction

5.   The Plaintiff was subjected to a hostile working environment on the basis of sex. The said hostile working environment including inadvertent touching, rubbing, and staring downs of he Plaintiff by the Plaintiff's General Manager.   The Plaintiff reported this sexually-hostile working environment to Human Resources, but no action was taken. The Plaintiff was soon thereafter terminated from her employment as a result of this sexual harassment and in reprisal for reporting the said harassment. Pursuant to Rule 15, the Plaintiff shall seek leave to file an Amended this original complaint in order to aver additional detailed facts regarding each incident of the above-described sexually-hostile working environment.

### COUNT I.   SEXUAL HARRASSMENT- TITLE VII

6.      The Plaintiff Grace Chandler hereby re-alleges and re-states averments 5, which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

7.      The Defendant's general manager sexually harassed the Plaintiff as follows:

A.   The said General Manager subjected the Plaintiff to long and repeated "stares," looking over her body parts, thus making the Plaintiff feel uncomfortable.

B.    Plaintiffs' co-workers noticed the said General Manager conduct these stare-downs and reported these incidents to the Plaintiff.

C.    The said General Manager would walk close to the Plaintiff and brush up against her buttocks area, or use his hands to lightly touch the Plaintiff's buttocks area, as though he were moving her out of his way. General Manager did this frequently, weekly.

2

D.   The said General Manager treated other female workers in the same manner.   There are other eye-witnesses to several other incidents of sexual harassment.

8.     The Plaintiff reported these incidents of hostile working environment to the Human Resources Department, but no action was taken.

9.     Instead, the said General Manager was allowed to continue to subject the Plaintiff to the repeated (a) stare downs; (b) touching of her buttocks area; and (c) other sexually-suggestive or inappropriate language.

10.     As averred in #9, the said harassment was frequent—occurred daily, weekly, non-stop and unabatted;

11.     As averred in #10, the said harassment was pervasive—occurred out in the open in clear presence of several eye witnesses, whether co-workers or customers, causing great distress in the Plaintiff;

12.     WHEREFORE, the Plaintiff Wilson demands:

A.     Trial by jury.

B.     Judgment against the Defendants for compensatory damages.

C.     Affirmative Action, as deemed appropriate by the Court.

D.     Injunctive Relief, as deemed appropriate by the Court.

E.     Attorney's fees and costs.

F.     For whatever additional relief as is deemed just and appropriate by this honorable Court.

## COUNT II.   RETALIATORY DISCHARGE- TITLE VII

13.     The Plaintiff Grace Chandler hereby re-alleges and re-states averments 5-12,

which should be read as a complete sub-part to this claim for relief, as per Rule 8 of the Fed.R.Civ.P.

14.     Plaintiff reported the said sexual harassment to her Human Resources Department, but no action was taken.

15.      Soon after Plaintiff reported this harassment, she was terminated from her employment with the Defendant.

16.      This termination was connected with, tied to, and causally related to the Plaintiff's reporting of the sexual harassment, because there was close *"temporal" proximity* of only several days.   The termination was thus caused by the Plaintiff's sexual harassment report to the Human Resources Department.

17.      WHEREFORE, the Plaintiff Chandler demands:

A.     Trial by jury.

B.     Judgment against the Defendants for compensatory damages.

C.     Affirmative Action, as deemed appropriate by the Court.

D.     Injunctive Relief, as deemed appropriate by the Court.

E.     Attorney's fees and costs.

F.     For whatever additional relief as is deemed just and appropriate by this honorable Court.

RESPECTFULLY SUBMITTED:

__/s/ Roderick O. Ford_____
Roderick O. Ford, Esq.
FBN: 0072620
THE METHODIST LAW CENTRE
5745 S.W. 75th Street
Suite 149
Gainesville, Florida 32608
(813) 223-1200
(800) 792-2241 facsimile
admin@methodistlawcentre.com